**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION**

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | 4:02-cr-274-CWH |
| | ) | |
| vs. | ) | |
| | ) | |
| James Clayton Landingham, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

On January 7, 2003, the petitioner pled guilty to conspiracy to distribute and to possess with intent to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1). On May 1, 2003, the Court sentenced the defendant to 121 months in prison followed by five years supervised release. The defendant did not appeal his guilty plea or sentence. On December 19, 2005, the defendant filed a motion to toll the statute of limitations and to amend or correct the judgment pursuant to Rule 35(a) of the Federal Rules of Civil Procedure.

On October 17, 2006, the Court advised the defendant of its intent to characterize the motion as a 28 U.S.C. § 2255 petition. See United States v. Emmanuel, 288 F.3d 644, 649 (4th Cir. 2002) (requiring notice to defendant before a district court, *sua sponte*, converts motion to amend criminal judgment into a motion under § 2255). On November 20, 2006, the defendant objected to the Court's proposed characterization. Therefore, the Court does not characterize the defendant's motion as a § 2255 petition.

The Rules of Criminal Procedure allow a district court to correct within seven days "a sentence that resulted from arithmetical, technical, or other clear error." Fed. R. Crim. P. 35(a). The defendant does not allege any arithmetical, technical, or other clear error. Instead, the defendant attacks the constitutionality of his sentence and argues that his sentence violates Apprendi v. New Jersey, 530 U.S. 466 (2000).

The authority of the district court to modify sentences pursuant to Rule 35(a) is limited. United States v. Layman, 116 F.3d 105, 108 (4th Cir. 1997) (stating that Rule 35(a) "is not intended to afford the court the opportunity to reconsider the application or interpretation of the sentencing guidelines or for the court simply to change its mind about the appropriateness of the sentence"). Rule 35(a) does not afford the defendant the relief that he seeks.

The defendant claims that Rule 35(a)'s seven day limit is not jurisdictional and may thus be equitably tolled. The Fourth Circuit Court of Appeals has held that Rule 35(a)'s seven day limit is jurisdictional. United States v. Shank, 395 F.3d 466, 470 (4th Cir. 2005). Since then, the Supreme Court has distinguished between rules that govern subject matter jurisdiction and inflexible claim processing rules. Eberhart v. United States, 546 U.S. 12, 15 (2005) (*citing* Kontrick v. Ryan, 540 U.S. 443, 453 (2004) (reasoning that "only Congress may determine a lower court's jurisdiction"). The Supreme Court noted that a "court may not extend the time to take any action under Rules 29, 33, 34, and 35, except as stated in those rules." Id. Because Rule 35(a) does not make any provision for extending the time, the defendant's claim that the Rule 35(a) seven day limitations period should be extended is without merit.

The defendant claims that the limitations period should be equitably tolled pursuant to Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003). In Rouse v. Lee, the Fourth Circuit Court of

Appeals discussed equitable tolling as it applies to § 2255 petitions. In this case, the defendant attacks the constitutionality of his sentence, which is proper under 28 U.S.C. § 2255. However, the defendant objects to the Court addressing his Rule 35(a) motion as a § 2255 petition. Nonetheless, equitable tolling is inapplicable even if the Court were to consider his Rule 35(a) motion as a § 2255 petition.

The Antiterrorism and Effective Death Penalty Act of 1996 provides for a one year period of limitation. 28 U.S.C. § 2244. Equitable tolling is appropriate only when, "extraordinary circumstances beyond [the defendant's] control prevented him from complying with the statutory time limit." Rouse v. Lee, 339 F.3d at 246 (4th Cir.2001). Accordingly, under the existing "extraordinary circumstances" test, the defendant is only entitled to equitable tolling if he presents: (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time. Id. The defendant has not shown any of these elements. Instead, he claims that equitable tolling should apply because his sentence was imposed in violation of Apprendi v. New Jersey, 530 U.S. 466 (2000). The defendant has not shown extraordinary circumstances beyond his control or external to his own conduct that prevented him from filing on time. Therefore, his claim that the limitations period should be equitably tolled is without merit.

Furthermore, as explained in the Court's October 17, 2006 order, the defendant's sentence was not imposed in violation of Apprendi v. New Jersey, 530 U.S. 466 (2000). In Apprendi, the Supreme Court held that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Id. at 490. However, "a fact increasing the mandatory minimum (but not extending the

sentence beyond the statutory maximum)" does not implicate Apprendi concerns.  Harris v. United States, 536 U.S. 545, 557 (2002).  A person in violation of  "subsection (a) . . . involving . . . 50 grams or more of cocaine base shall be sentenced to a term of imprisonment which may not be less than 10 years or more than life." *See* United States of America v. Sanders, 247 F.3d 139, 150 (4th Cir. 2001)(citing 21 U.S.C. 841(b)(1)(A)(iii)).  The defendant's sentence of 121 months imprisonment does not exceed the statutory maximum of life in prison, and therefore does not violate Apprendi.

The defendant's motion to correct his sentence under Rule 35(a) is denied.

**AND IT IS SO ORDERED**.

_____
**C. WESTON HOUCK**
**UNITED STATES DISTRICT JUDGE**

December 7, 2007
Charleston, South Carolina