UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

James Clayton Landingham,  )
    Movant,  )
  )
V.  )  Case No. 4: 02-274
  )
United States of America,  )
    Respondent.  )

RECEIVED
USDC CLERK. FLORENCE, SC

2008 SEP 22  A 10: 20

### AFFIDAVIT OF JAMES CLAYTON LANDINGHAM IN SUPPORT OF MOTION TO MODIFY SENTENCE PURSUANT TO 3582(c)(2)

Petitioner James Clayton Landingham ("Petitioner") hereby files the foregoing affidavit and states under oath as follows:

1. My name is James Clayton Landingham I was convicted in the above captioned case in which the court sentenced me to 121 months imprisonment and 5 years of supervised release.

2. I am entitled to relief under the 2007 Amendments to the Sentencing Guidelines because I was sentenced for cocaine base and because of my rehabilitation since I have been incarcerated. For the reasons stated also in the accompanying motion I request that the court grant relief and those reasons are hereby incorporated by reference under perjury into this affidavit and realleged as if fully set forth again.

3. I have reflected on the seriousness of the offense, have received just punishment because of the 5+ years I have served which said punishment promoted and insured my respect for the law.

4. The public is protected from further crimes of this defendant because upon release from prison I will seek employment abroad or at home and work at a lawful occupation in a drug free environment.

5. While in prison I received educational and vocational training See the attached exhibits, however, I also worked at a prison job and developed a trade and skill during this job performance.

6. I would consider this present sentence of confinement to be a wake up call and more than an adequate deterrent to criminal conduct as here I was left insolvent and lost everything, the court should consider if this was punishment beyond what the sentence of imprisonment called for. I believe the sentence under 3553(a) in this regard failed to address this issue.

7. My sentence was disparate with other convicts similiarly situated because of the crack cocaine base/cocaine disparity and because of the new 65% rule being afforded to deportable aliens, thus, the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct failed in this case. 3553(a)(6).

(8) The Federal Bureau of Prisons is in the best position to determine the severity of an inmates offenses. Here, the BOP determined that my crimes were classified as moderate and no Public Safety factor was warranted. The BOP also considered my living skills to be Good and that my security level is classified on the borderline of a minimum custody score, no escapes, a voluntary surrender, frequent disciplinary report being none with a verified high school/ged degree. See Exhibit A.

(9) How can this court keep me in prison on these facts in this case when I have two small children to take care of, how will I live? Where will I go with no money? How will I survive? Why am I being punushed above other cocaine offenders because of the cocaine base offense and finally why have I been singled out for this lenthy sentence when others have clearly not?

Downward departure from sentencing guidelines is justified, where convict falsified testing reports for the Environmental Protection Agency, convicts only business was performing testing for EPA, and convict's business was effectively destroyed prior to sentence because of his falsification, because destruction of convicts business accomplished sentencing goals by impairing convict's ability to continue criminal activity, and convict's public loss may serve as deterrent to others; these factors are sufficient to mitigate sentence in this case as well because Petitioner was the only asset to his business, a business which was destroyed when he was improned. See PSI; United States v. Montique 357 F.Supp 2d 939 (ED VA 2005).

Downward departures from Sentencing Guidelines range is warranted for addict convict where addict has remained alchohol free for four years since arrest, reunited with family and friends, under taken full responsibilities as provider, completed job fair, obtained prospective employment and taken courses with view to bettering his employment opportunities. United States v. Rodriguez 724 F Supp 1118 (SD NY 1989).

Disparity in Federal Sentencing proceedings has always impacted offenders. United States v. Hamilton 428 F.Supp.2d 1253, 19 FLW Fed D 564 (D Fla 2006); Compare: Giles, Supra with United States v. Killbrough ___US___ (2007) in violation of the Equal Protection Clause. Const. Amend V.

In this Motion Petitioner includes papers and reports from the Federal Bureau of Prisons observations, classifications, and recommendations. which Courts should give deference to. See DeVyer v. Warden, US Penitentiary 388 F.Supp 1212 (M.D.Pa 1974) and lack of remorse, unacceptable compliance with prescribed institutional programs, the recommendation of prison staff, and the nature and circumstances of the offenses committed are considered by Courts when contemplating the early release of a prisoner. Logan v. Grace 2007 US Dist LEXIS 25111 (M.D.Pa 2007). In this case on these facts with this level of observation the Court should grant the Motions as requested by Petitioner and hold an evidentiary hearing and resentencing hearing and resentence Petitioner in accordance with the 2007 Amendments and the requested relief in this Motion.

WHEREFORE, The Petitioner respectfully requests that the foregoing Motions be granted.

Respectfully submitted,

*[signature]*

James Clayton Landingham
Reg No. 99144-071
PO Box 5000
Yazoo City, MS 39194-5000

MOVANT

Executed this 3rd day of March 2008 under the penalty for perjury. 28 USC § 1746.